IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VAN SHUN TRAYWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.2:18-cv-560-MHT-TFM |
| ) | |
| ALABAMA BOARD OF ADJUSTMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on June 6, 2018. (Doc. 1). In his Complaint, Plaintiff alleges that the Alabama Board of Adjustment has violated his Fourth Amendment Right against unreasonable searches and seizures due to the "unlawful and unconstitutional forfeiture of 8,085 Dollars by Montgomery County Sheriff Department." (Doc. 1 at p. 2). The Complaint seeks monetary damages and "an Order to Direct the Defendant's {sic} . . . to respond to my claims that my personal property of 8,085.00 dollars was taken in bad faith without legal justification." (Doc. 1 at p. 5). On June 15, 2018, this Court entered an Order identifying several deficiencies with the Complaint and giving Plaintiff an opportunity to amend his complaint on or before July 6, 2018. (Doc. 5). Plaintiff filed an Amended Complaint wherein he essentially restates the claims made in his Original Complaint. (Doc. 7).

On June 14, 2018, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis.* (Doc. 4). In *forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not

1

"frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court now conducts a review pursuant to 28 U.S.C. § 1915.

## II. DISCUSSION AND ANALYSIS

As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). He names as the sole Defendant the Alabama Board of Adjustment and states that "because the Alabama Constitution states that the State of Alabama will never be a Defendant, I am suing the Alabama Board of Adjustment which handle {sic} all this state Tort Claims." (Doc. 1 at p. 4). Plaintiff alleges that his "4th Amendment rights were clearly violated for the unlawful search of my home and illegal taken {sic} of my property." (Doc. 1 at p. 4). As a result, he asks this Court

> "to issue an order to direct the Defendant's {sic} and all state, counties and city agents involve {sic} in the unlawful taken {sic} of my personal property and the concrete probable cause they had that warranted a search of my home, and receipt of any mark money used in their alleged buys of illegal drugs from my home to show the connection to this search conducted on home and present a Special Report to this Court and a copy of all evidence which to be submitted to this Court be made of public record."

(Doc. 1 at pp. 4-5). Plaintiff's Amended Complaint essentially restates this claim and asks the Court for relief. (Doc. 7).

The Court understands Plaintiff asks this Court "to review and reverse [an] unfavorable state-court judgment[]", which the *Rooker-Feldman* doctrine clearly precludes this Court from doing. Rather, actions seeking such relief are "properly dismissed for want of subject-matter jurisdiction." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.* 544 U.S. 280, 283-284 (2005)(The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

the district court proceedings commenced and inviting district court review and rejection of those judgments.") Thus, this Court lacks the jurisdiction to award Plaintiff the type of relief he seeks. Accordingly, the Court concludes that Plaintiff's claim for declaratory relief is properly dismissed for lack of subject matter jurisdiction.

Plaintiff also brings claims for money damages against the sole named Defendant, the Alabama Board of Adjustment. Specifically, he seeks $8085.00 in compensatory damages. He also seeks "punitive damages interest on this 8085.00 dollars for the pain and suffering." Finally, he seeks attorney's fees. (Doc. 1 at pp. 5-6). Plaintiff's claims for money damages are also properly dismissed because the Alabama Board of Adjustment, is an "arm of the state" to which Eleventh Amendment immunity applies. *Ferrell v. Board of Adjustment,* 2012 WL 7746772 *2 (M.D. Ala. 2012) citing *Manders v. Lee.,* 338 F. 3d 1304, 1308 (11th Cir. 2003). Indeed,

> "[t]he Alabama Board of Adjustment is a state governmental entity created by statute with the authority to act on behalf of the state legislature to pay, in specified circumstances (with money appropriated by the Legislature), claims levied against the State of Alabama or its agencies, commissions, boards, institutions or departments. (*See Ala. Code* § 41-9-60 et seq.; *Medical Laundry Service a Div. of OPLCO, Inc. v Board of Adjustment,* 486 So.2d 1305 (Ala. Civ. App. 1986)). '[T]he Alabama Supreme Court [has] recognized that the Board is an instrument or agency of the legislature.' *Id.* at 1306-07. The Court concludes, after considering the factors set forth in *Manders, supra*, that the Board of Adjustment acts as an 'arm of the state' for purposes of Eleventh Amendment immunity.

*Ferrell,* 2012 WL 7746772 at *2. Additionally, the Court notes that while Plaintiff mentions the Montgomery County Sheriff's Department, (Doc.1) and the Montgomery County Drug Task Force (Doc. 7), he does not name these entities a defendants in this action. However, were the Montgomery County Sheriff's Department, or its task force, named as a defendant in this action, §1915 dismissal in this action would still be proper

3

because the Montgomery County Sheriff's Department is not a legal entity and is not subject to suit.  *See Dean v. Barber,* 951 F. 2d 1210, 1214 (11th Cir. 1992). These claims are therefore due to be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i). *See, Neitzke v. Wiliams*, 490 U.S. 319, 327 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further ORDERED that the Plaintiff may file any objections to the this Recommendation on or before **July 24, 2018.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 10th day of July, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE